# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENYACHTA SHEARS** | ) CIVIL ACTION NO.: |
| | ) |
| **VERSUS** | ) |
| | ) SECTION: |
| **MURMANSK SHIPPING COMPANY, M/V ALEKSANDR SUVOROV, THE WEST OF ENGLAND SHIPOWNERS MUTUAL INSURANCE ASSOCIATION (LUXEMBOURG) and ACF SHIPPING & TRADING, INC.** | ) ) MAGISTRATE: ) ) ) |

## COMPLAINT FOR DAMAGES

The complaint of Kenyachta "Kenny" Shears, a person of the full age of majority and resident of Jefferson Parish, State of Louisiana (hereinafter sometimes referred to as "Plaintiff"), who respectfully represents as follows:

1.

Made defendants herein are:

(A) MURMANSK SHIPPING COMPANY, (hereinafter sometimes referred to as "Murmansk"), upon information and belief, a foreign corporation doing business in the State of Louisiana;

(B) M/V ALEKSANDR SUVOROV, upon information and belief, a vessel doing business in the State of Louisiana;

(C) THE WEST OF ENGLAND SHIP OWNERS MUTUAL INSURANCE ASSOCIATION (LUXEMBOURG), (hereinafter sometimes referred to as "West of England"), upon

1

information and belief, a foreign protection and indemnity association doing business in the State of Louisiana; and

(D) ACF SHIPPING & TRADING, INC., (hereinafter sometimes referred to as "ACF"), upon information and belief, a foreign corporation doing business in the State of Louisiana.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. 1333, and is being brought pursuant to 33 U.S.C. §905(b) of the Longshore & Harbor Workers' Compensation Act, and also pursuant to the general maritime law for negligence, as the incident described herein occurred within the waters of this district. Plaintiff designates this matter as an Admiralty claim under the Federal Rules of Civil Procedure and hereby elects to proceed as a judge trial.

3.

The defendants, Murmansk, M/V ALEKSANDR SUVOROV, West of England and ACF have sufficient "minimum contacts" with the State of Louisiana under law and are justly and truly indebted unto your plaintiff, Kenny Shears, for the following reasons, to-wit:

4.

At all material times, plaintiff, Kenny Shears, was employed by Pacorini Global Services, LLC, as a foreman of operations.

5.

Plaintiff was assigned to supervise cargo operations of the M/V ALEKSANDR SUVOROV, a vessel that, upon information and belief, was owned and/or operated by defendant Murmansk at all material times herein and/or operated, and/or chartered and/or controlled by defendant ACF at all material times herein.

6.

On or about, July 20, 2010, while performing his duties as foreman and supervisor on-board the M/V ALEKSANDR SUVOROV, which was docked on the navigable waters of Louisiana, plaintiff was finishing his shift and ascending a fixed ladder to the top deck of the vessel. After climbing approximately 60 feet of the fixed ladder, plaintiff hit his head and back into a caged enclosure of the ladder, which was caved in and bent, causing severe and painful personal injuries to the neck, head and back of the Plaintiff.

7.

Plaintiff shows that at all times pertinent he was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform.

8.

The accident was caused by no fault of the Plaintiff or his employer, who conducted themselves in a reasonable and prudent manner at all times, and was caused solely by the negligence of the defendants as more fully set forth herein.

9.

As a result of the above described incident, plaintiff, Mr. Shears, suffered severe and painful personal injuries, more particularly injuries to the back, neck, head and other injuries which will be shown upon trial of this matter.

10.

The negligent condition of the vessel, its gear and its equipment, namely the caved in and bent ladder enclosure and other conditions that may be presented at trial, existed prior to any work performed on the vessel by the Plaintiff or his employer, and defendants, in the exercise of reasonable care, knew or should of known of the dangerous condition of the vessel and remedied the negligent condition and/or warned the Plaintiff and his employer of the hazardous condition aboard the vessel.

11.

At all times material hereto, the M/V ALEKSANDR SUVOROV was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by defendant, Murmansk, and/or by defendant ACF, who upon information and belief, operated and/or controlled the vessel under a time charter and/or was owner *pro hac vice*.

12.

These casualties occurred as a result of the negligence of defendants, Murmansk, M/V ALEKSANDR SUVOROV, West of England and ACF.  These acts of negligence render the defendants liable to the plaintiff pursuant to 33 U.S.C. §905(b) of the Longshore & Harbor Workers' Compensation Act, and also pursuant to the general maritime law for negligence.

13.

West of England, upon information and belief, provided Protection and Indemnity insurance coverage and/or other policies of insurance coverage to Murmansk, M/V ALEKSANDR SUVOROV, and/or ACF at all times material, including the date of incident.  As the insurer of the defendants, Murmansk, M/V ALEKSANDR SUVOROV, and/or ACF, West of England is jointly, severally and solidarily liable and responsible for the damages and negligence of Murmansk, M/V ALEKSANDR SUVOROV, and/or ACF set forth herein.  This action against West of England is brought pursuant to the Louisiana Direct Action Statute, 22:1269, as the cause of action took place while the vessel was in Louisiana navigable waters.

14.

Plaintiff's incident was caused by defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by the Minerals Management Service, OSHA and the United States Coast Guard.

15.

At all times material, the defendants had actual knowledge that the enclosure on the fixed ladder was bent and posed an unreasonable risk of harm to the Plaintiff, failed to maintain the vessel and its equipment in such condition that the Plaintiff and others involved in cargo operations, who at all times exercised reasonable care, would be able to safely fulfill cargo operations, failed to warn the Plaintiff and others involved in cargo operations of latent and hidden dangers that were known or should have been known to the defendants had they exercised reasonable care, had operational control of the fixed access ladder, and other actions and inactions that will be shown upon the trial of this matter.

16.

At all times material, the defendants breached their duties to the Plaintiff, including but not limited to, their turnover duty and/or active control duty and/or duty to intervene, proximately causing the injuries sustained by the Plaintiff and subsequent damages.

17.

In the further alternative, plaintiff, Mr. Shears, reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of *Res Ipsa Loquitur* and *negligence per se* against all of the defendants named herein.

18.

As a result of the above-described negligence of the vessel, M/V ALEKSANDR SUVOROV, and of the defendants, Murmansk, West of England and ACF, Plaintiff, Mr. Shears, sustained the following damages:

    a. Past, present and future physical pain and suffering;

    b. Past, present and future mental pain, suffering and anguish;

    c. Past, present and future medical expenses;

    d. Past lost wages;

    e. Past lost found;

    f. Loss of future earning capacity;

    g. Loss of future found;

    h. Loss of fringe benefits;

    i. Disfigurement and disability;

    j. Loss of enjoyment of life;

    k. Punitive damages; and,

    l. Other damages which shall be proven at trial.

19.

Plaintiff is entitled to prejudgment interest on his damages from the dates of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

20.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

**WHEREFORE**, plaintiff, Kenny Shears, prays that the defendants, MURMANSK SHIPPING COMPANY, M/V ALEKSANDR SUVOROV, THE WEST OF ENGLAND SHIP OWNERS MUTUAL INSURANCE ASSOCIATION (LUXEMBOURG) and ACF SHIPPING & TRADING, INC., be duly cited and served with a copy of the Complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against defendants, MURMANSK SHIPPING COMPANY, M/V ALEKSANDR SUVOROV, THE

WEST OF ENGLAND SHIP OWNERS MUTUAL INSURANCE ASSOCIATION (LUXEMBOURG) and ACF SHIPPING & TRADING, INC., in an amount sufficient to adequately compensate your plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

          Respectfully submitted,

          **MARTZELL & BICKFORD, APC**

          /s/ Neil F. Nazareth
          Scott R. Bickford (1165) T.A.
          Neil F. Nazareth (28969)
          338 Lafayette Street
          New Orleans, Louisiana 70130
          T: (504) 581-9065
          F: (504) 581-7638
          E: usdcedla@mbfirm.com